**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 4, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

MARK D. RICE,

　　　　Defendant - Appellant.

No. 08-6036

(W.D. Oklahoma)

(D.C. No. CR-02-00003-F-1)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

In 2002, Defendant/Appellant Mark D. Rice pled guilty to four counts relating to the production, transportation and possession of child pornography, and was sentenced to 262 months' imprisonment, followed by three years of supervised release. We affirmed his conviction, but remanded for resentencing because the district court had erroneously double-counted certain uncharged conduct in calculating his sentence under the United States Sentencing

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Commission, Guidelines Manual ("USSG"). United States v. Rice, 358 F.3d 1268 (10th Cir. 2004) ("Rice I"). The Supreme Court summarily reversed and remanded our decision for further consideration in light of United States v. Booker, 543 U.S. 220 (2005). See Rice v. United States, 543 U.S. 1103 (2005) ("Rice II"). We accordingly remanded the case to the district court for resentencing.

Following that remand for resentencing, on May 26, 2006, Rice filed a motion to withdraw his guilty plea. After additional motions were filed by Rice and by the government, an evidentiary hearing was held on four days in August and September 2007. The district court denied Rice's motion to withdraw his guilty plea and resentenced Rice to the same previous term of imprisonment of 262 months. We affirm the denial of the motion to withdraw and we once again affirm the sentence in this case.

**BACKGROUND**

The facts relating to Rice's crime, conviction and previous sentence are fully set forth in our decision in Rice I. Rice, 358 F.3d at 1271-73. We do not go into them in detail here, other than as necessary for this opinion.

**I. Denial of Motion to Withdraw Guilty Plea:**

"We review the district court's denial of [a] [m]otion to [w]ithdraw [a guilty plea] for abuse of discretion." United States v. Sandoval, 390 F.3d 1294, 1297 (10th Cir. 2004). "Defendants do not have an absolute right to withdraw a guilty plea." United States v. Siedlik, 231 F.3d 744, 748 (10th Cir. 2000). Fed. R. Crim. P. 32(e) provides that "[i]f a motion to withdraw a plea of guilty . . . is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason." "The burden is on the defendant to establish a 'fair and just reason' for the withdrawal of the plea." Siedlik, 231 F.3d at 748.

In determining whether the defendant has demonstrated a "fair and just reason for withdrawal" of his guilty plea, we examine the following factors:

> (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether the defendant delayed in filing his motion, and if so, the reason for the delay; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to the defendant; (6) whether the plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources.

United States v. Yazzie, 407 F.3d 1139, 1142 (10th Cir. 2005).

Rice submits, as he did before the district court, that he meets all seven factors. The district court rejected that argument, explaining in considerable detail why the court found no reason to permit Rice to withdraw his guilty plea. While we agree with the district court's thorough and careful explanation for

-3-

rejecting Rice's motion to withdraw his guilty plea, we emphasize a few salient factors.

First, Rice purports to assert both "his legal and factual innocence to the charges presented." Appellant's Op. Br. at 18. As the district court found, Rice "purports to have asserted his innocence, but he has done so only in the most highly technical sense. Whether his assertion of innocence be viewed as a legal assertion or a factual assertion, his assertion of innocence is wholly implausible and would, in any event, be futile." Tr. of Mot. to Withdraw Guilty Pleas, R. Vol. 5 at 547.

Rice argues that there were numerous allegedly exculpatory documents that were never disclosed to him or his defense counsel, and he argues that a videotape that formed the basis of at least one of the counts of conviction[1] was altered. However, he never identified, either before the district court or at oral argument in this appeal, what documents or evidence would have made any difference before the district court, either at the point that he entered his guilty pleas or at his sentencing. He suggests that a forensic investigation of computer drives and videotapes would have demonstrated his factual innocence. However, Rice identifies nothing specific that would have altered the situation at the time of his guilty plea. Indeed, his counsel conceded at the evidentiary hearing on Rice's

---

[1]This videotape showed Rice masturbating in the presence of a young female in a bathroom.

motion to withdraw his guilty plea that the section of the videotape depicting Rice

masturbating with a young girl in his presence was not edited or altered in any

way. Rice's assertion of innocence is, indeed, merely "technical" and is based

entirely on conjecture.[2] We wholeheartedly agree with the district court that

Rice's assertion of innocence "leaves [us] entirely unpersuaded that the defendant

would have made any different choices in 2001 and 2002 if he and his counsel

had all of the facts that they now have." Id.

The district court considered other Yazzie factors to be either essentially

neutral or modestly favoring either Rice or the government.[3] The district court

carefully considered whether Rice had been provided with close and effective

assistance of counsel: "The answer is absolutely. He did have close assistance of

counsel. One of the most competent sex offense lawyers in the State of

---

[2]To the extent Rice argues he is legally innocent, based upon a claimed
insufficiency of probable cause to conduct the initial search which led to his
conviction, Rice is simply rearguing the propriety of our denial in Rice I of his
motion to suppress. That he cannot do.

[3]With respect to whether withdrawal would prejudice the government, the
court concluded that "[i]n terms of cost, the answer is yes; in terms of resources
the answer is yes; in terms of outcome, the answer, in all probability, is no." Tr.
of Mot. to Withdraw Guilty Pleas, R. Vol. 5 at 547. With respect to delay in
bringing the motion, and the reason for any delay, the court concluded "on
balance, the delay factor is a factor that cuts against the defendant, but in the
Court's estimation, that is not a major factor under all of the circumstances." Id.
at 548. The district court then determined that withdrawal of the guilty plea
would not substantially inconvenience the court, inasmuch as the "docket is light
in this district." Id. Regarding whether the withdrawal of the guilty plea would
waste judicial resources, the court indicated its reluctance to conclude "that a
trial, if deserved, would ever be a waste of judicial resources." Id. at 549.

Oklahoma is [Rice's trial counsel] J.W. Coyle. If J.W. Coyle had known in 2001 and 2002 as much about computer technology as did the technical witnesses who testified at the hearing in this case earlier this summer, the result would not have changed at all." Id. at 548.[4] Additionally, the district court found that Rice's plea of guilty was knowing and voluntary: "I have found that [Rice] was alert, that he grasped the realities of the situation, he understood what was going on, he understood that he had no viable alternative to a conditional plea. His conditional plea was the best he could make of a situation, which, from his perspective, was an untenable situation legally and factually." Id. at 549. The district court accordingly denied Rice's motion to withdraw his guilty plea. As the above analysis and explanation make clear, the district court did not abuse its discretion in denying Rice's motion to withdraw his guilty plea.

_____

[4]Rice suggests that there was confusion, and perhaps inaccuracy, in the description conveyed to police of what was actually discovered on the school computer by means of Rice's America OnLine account. He further suggests that this may have occurred because his attorney, Coyle, as well as the initial investigating officer and/or the school official who first discovered apparently pornographic materials on a school computer Rice had used, lacked sophistication in computer science. See Mot. for Leave to Withdraw Conditional Pleas of Guilty at 8 ("Mr. Rice asserts his decision to enter conditional pleas of guilty was based on counsel's assessment of the legal defenses available to him. Counsel's assessment was based, in turn, on an incomplete understanding of the technology that formed the predicate for the search warrant.").

We found in Rice I that the district court properly denied Rice's motion to suppress the materials seized for essentially this same reason (misunderstanding as to the workings of computers). We reject Rice's effort to somehow call into question the propriety of that ruling.

**II. Reasonableness of Sentence:**

At Rice's second sentencing hearing, the district court again imposed a sentence of 262 months' imprisonment. Rice argues this constituted an impermissible upward variance from the advisory USSG range.

We review a district court's sentencing decision for an abuse of discretion, inquiring whether the sentence is reasonable in view of the factors listed in 18 U.S.C. § 3553(a). See United States v. Gall, 128 S. Ct. 586, 594 (2007) ("Our explanation of reasonableness review in the Booker opinion made it pellucidly clear that the familiar abuse-of-discretion standard of review now applies to appellate review of sentencing decisions."). Reasonableness has both a procedural and a substantive component. See United States v. Hildreth, 485 F.3d 1120, 1127 (10th Cir. 2007). In general, a sentence that reflects a proper Guidelines calculation and application of the § 3553(a) factors is procedurally reasonable. See United States v. Geiner, 498 F.3d 1104, 1107 (10th Cir. 2007). "A sentence is substantively reasonable when it 'reflects the gravity of the crime and the § 3553(a) factors as applied to the case.'" Id. (quoting United States v. Atencio, 476 F.3d 1099, 1102 (10th Cir. 2007), overruled in part on other grounds by, Irizarry v. United States, 128 S. Ct. 2198, 2202 n.1, 2203-04 (2008)). A sentence which falls within a properly-calculated Guidelines range is presumed to be substantively reasonable on appeal. United States v. Sells, 541 F.3d 1227, 1237 (10th Cir. 2008). "[W]e apply [this] deferential abuse of discretion standard

with reasonableness review . . . whether the sentence imposed is inside or outside the Guidelines range." United States v. Montgomery, 2008 WL 5401410, at *2 (10th Cir. Dec. 30, 2008).

At his 2002 sentencing hearing, Rice was sentenced to 262 months' imprisonment (an upward variance from the Guidelines range of 168-210 months), based upon, *inter alia*, the fact that his criminal history category "did not adequately reflect the seriousness of Rice' past criminal conduct and the likelihood that he would commit crimes again in the future." Rice I, 358 F.3d at 1273. We remanded for resentencing, however, on the ground that the district court impermissibly double-counted certain conduct for both base offense level and criminal history category computations. Rice argues that now, in his second sentencing proceeding, "it appears that the district court is still using the same criteria, although referencing the criteria of § 3553(a) to justify the upward variance." Appellant's Op. Br. at 40. We disagree.

There is no indication in the court's sentencing proceedings in 2006 that the court again improperly calculated the advisory Guidelines range by double-counting or in any other way. Rather, the court's comments indicated it was fully aware of its sentencing obligations under recent Supreme Court case law. The district court explained its reasons for imposing an above-Guidelines variance as follows:

-8-

It is my duty to impose a sentence that is sufficient but not greater than necessary to comply with the statutory purposes of sentencing. And it is with that duty in mind that I have heard the very competent and thorough presentations that have been made today. I am required also to take into account all of the Section 3553 factors, which I do, to the extent that I give any consideration to an upward variance, I take into account only those factors which are set forth in the December 3, 2007 order, which was entered in this case.[5]

[Although Rice's counsel sought a downward departure] I cannot conclude and I do not conclude that the Section 3553 factors carefully considered and taken together indicate that a below-guideline sentence ought to be imposed. To the contrary, it is my conclusion, for the reasons that I'm about to state and for the reasons that have been discussed, that an upward variance is entirely appropriate in this case and will be embodied in the Court's sentence.

The reasons for the sentence the Court is about to impose are as follows. And what I'm about to say will be incorporated as the statement of reasons in the judgment and sentence. Mr. Rice, you are a repeat sex offender and an unrepentant predator. I use the word "unrepentant" advisedly. You have been almost defiant in your personal rejection of responsibility for your criminal conduct. Nothing that I'm aware of that you have said or done suggests to me that you have the capacity to change your ways. To that extent, this is an exceedingly sad case as well as an exceedingly serious case.

The predominant purpose to be served by sentencing in this case is incapacitation. In this case, incapacitation is a compelling reason for imposing a lengthy period of incarceration because you are demonstrably unable to keep yourself from exploiting little girls for your own gratification. And your predation has played itself out on the most helpless and vulnerable among us.

---

[5]The December 3, 2007, order notified the parties that the court was considering an upward departure from the advisory Guidelines range, in view of the § 3553(a) factors, the district court's comments at Rice's original 2002 sentencing, the revised presentence report, the court's comments made at a September 7, 2007, hearing, and the materials submitted in connection with Rice's motion to withdraw his guilty pleas.

[A] critical distinguishing feature of your disorder is that you have a special and serious lack of ability to control your behavior. Conduct like yours with victims who are so vulnerable as to be essentially defenseless leaves those victims with potentially life-long emotional and psychological scars. The damage that you could do and I believe have done as a pedophile leads the Court to the conclusion that if there's any room for doubt or uncertainty as to the length of your sentence, any such doubt must be resolved against you and in favor of society's interest in incapacitating you from further predatory conduct as a pedophile and repeat sex offender.

Tr. of Sentencing at 135-38, R. Vol. 6. The court went on to note that, while society's interest in incapacitating Rice was a "compelling" reason for the sentence in this case, the court also based Rice's sentence on the "need to reflect the seriousness of the offense, the need to provide just punishment for the offense, and the need to afford adequate deterrence to criminal conduct. The upward variance embodied in this sentence is based upon those statutory factors, all of which I have very carefully considered against the backdrop of the extensive record in this case." Id. at 138.

In so sentencing Rice, the district court was very familiar with Rice and his case. Indeed, the district court observed on several occasions that Rice lacked credibility: "Mr. Rice has increasingly and completely eroded his credibility as a witness in this case by numerous . . . activities during the long history of this case." Id. at 35. "On the stand last year, [Rice] denied at least some of the counts in the indictment and gave a preposterous story to explain his videotaped masturbation in the presence of a female toddler." Id. at 68-69.

In short, we have considered all of Rice's arguments, and we have no doubt that the district court properly exercised its discretion and sentenced Rice to a sentence above the advisory Guidelines range. We perceive neither procedural nor substantive unreasonableness in the sentence in this case.

## CONCLUSION

For the foregoing reasons, the sentence is AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge