FILED
United States Court of Appeals
Tenth Circuit

October 10, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

MARK D. RICE,

      Defendant - Appellant.

No. 14-6077
(D.C. No. 5:02-CR-00003-F-1)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Mark Rice, a federal prisoner proceeding pro se, requests a certificate of

appealability ("COA") to appeal several orders of the district court. We lack jurisdiction

to review the district court's November 25 order dismissing Rice's Rule 60 motion

because his notice of appeal was not timely. As to the remaining orders, we exercise

_____

    * This order is not binding precedent, except under the doctrines of law of the case
and collateral estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

jurisdiction under 28 U.S.C. §§ 1291 and 2253, deny Rice's request for a COA, and dismiss the appeal.[1]

## I

The substantial procedural history preceding this request for a COA begins with Rice's motion to suppress evidence of child pornography found in his home, including pornography that Rice produced.  After the district court denied that motion, Rice entered a conditional guilty plea preserving his right to appeal the denial of his motion to suppress.  This court affirmed in United States v. Rice, 358 F.3d 1268 (10th Cir. 2004).  The Supreme Court reversed and remanded for resentencing pursuant to United States v. Booker, 543 U.S. 220 (2005), but did not disturb the non-sentencing portions of our decision.  Rice v. United States, 543 U.S. 1103 (2005); United States v. Rice, 405 F.3d 1108 (10th Cir. 2005).

On remand, Rice moved to withdraw his guilty plea, claiming that he was actually innocent, that his plea was not entered knowingly and voluntarily, and that his counsel was ineffective.  Rice specifically claimed that his counsel failed to investigate emails and other computer data held by the government that might have undermined the

---

[1] On August 25, 2014, Rice also filed a motion with this court titled "Motion Pursuant to Fed. R. Civ. P. Rule 15 with Formal Complaint of Professional Misconduct."  We construe this motion as a request to amend and clarify Rice's brief, and so **GRANT** it.

credibility of a witness or vitiated probable cause for the original search of Rice's house. Following an evidentiary hearing, the district court denied Rice's motion to withdraw his guilty plea, a decision we upheld on appeal. United States v. Rice, 310 F. App'x 244 (10th Cir. 2009).

Rice then filed a motion to vacate under 28 U.S.C. § 2255, alleging ineffective assistance of counsel and government misconduct. His motion repeated the main contention underlying his motion to withdraw his guilty plea: that the emails and computer data were withheld by the government, insufficiently investigated by his attorney, and would have supported a motion to suppress. The district court denied this motion and we denied the request for a COA. United States v. Rice, 450 F. App'x 746 (10th Cir. 2011).

Rice then filed a motion in the district court, styled as a Rule 60 motion, challenging the denial of his § 2255 motion. The district court construed several claims raised in this motion as unauthorized second or successive habeas claims and dismissed them for lack of jurisdiction. However, Rice did present three claims that the district court treated as "true" Rule 60 claims. See In re Pickard, 681 F.3d 1201, 1204 (10th Cir.) (discussing the distinction between a Rule 60 claim and a second or successive § 2255 motion). On November 25, 2013, the district court denied Rice's true Rule 60 claims on their merits. Rice then filed a Rule 52/59(e) motion asking the district court to amend its decision. The district court denied this motion on February 10, 2014. Rice filed a second

- 3 -

Rule 60(b) motion, challenging the denial of his request to file an untimely reply for his Rule 52/59(e) motion.  The district court denied Rice's second 60(b) motion on March 27, 2014.

On August 4, 2014, Rice filed the present request for a COA.  He seeks to appeal the November 25, 2013, order; the February 10, 2014 order; and the March 27, 2014 order.

## II

### A

Rice's notice of appeal was untimely with respect to the November 25, 2013 Order.  Because the orders being appealed relate to Rice's § 2255 motion, they are civil in character.  See United States v. Kelly, 269 F.2d 448, 451 (10th Cir. 1959).  A notice of appeal in a civil case must be filed within 60 days.  Fed. R. App. P. 4(a)(1)(B).  Rice filed his notice of appeal in April 2014, more than 60 days after the November 25, 2013 Order was entered.  We must therefore dismiss his appeal of that order for lack of jurisdiction. See Bowles v. Russell, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement.").

### B

Rice's notice of appeal was timely with respect to the February 10, 2014 Order.[2]  In his

opening brief, Rice asks this court if a COA is required to appeal from that order.  We

answer in the affirmative.  In <u>Spitznas v. Boone</u>, 464 F.3d 1213 (10th Cir. 2006), we held

that it would be "illogical" if a COA were "required to appeal from a habeas judgment,

but not from the district court's order denying Rule 60(b) relief from such a judgment."

<u>Id.</u> at 1218.  That conclusion applies with equal force to Rule 52 and 59(e) motions

seeking relief from a habeas judgment.  <u>See</u> <u>Jackson v. Albany Appeal Bureau Unit</u>, 442

F.3d 51, 54 (2d Cir. 2006) (requiring a COA to appeal from the denial of a Rule 59(e)

motion relating to a habeas judgment).

We will issue a COA "only if the applicant has made a substantial showing of the

denial of a constitutional right."  28 U.S.C. § 2253(c).  To make such a showing, Rice

must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree

that) the petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further."  <u>Slack v.</u>

---

[2] The envelope containing his notice of appeal is postmarked April 9, 2014, and that envelope is marked legal mail.  Because the postmark is independent confirmation of the date of mailing, 58 days after entry of the relevant order, Rice satisfies the prison mailbox rule even though his notice of appeal was actually filed on April 14, 2014, 63 days after the entry of the February 10, 2014 Order.  <u>See</u> <u>Prince v. Philpot</u>, 420 F.3d 1158, 1165 (10th Cir. 2005).

McDaniel, 529 U.S. 473, 475 (2000) (quotations omitted).

Grounds warranting reconsideration, as requested in Rice's Rule 52/59(e) motion, "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Rice identifies no intervening change in controlling law. The only new evidence Rice proffers was considered in the 2007 evidentiary hearing on his motion to withdraw his guilty plea. And although Rice claims clear error and manifest injustice, the district court has already addressed the arguments he advances. To the extent that Rice advances genuinely new arguments, he did not show that the district court's resolution of them denied a constitutional right. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991) (affirming, on appeal, the denial of a Rule 59(e) motion that repeated issues the court had already addressed). Rice has thus not made a substantial showing that the district court's refusal to amend resulted in a violation of a constitutional right, nor that reasonable jurists could debate that proposition.

**C**

Rice's notice of appeal as to the March 27, 2014 Order was timely. However, Rice fails to explain how the district court erred in refusing to permit him to file an untimely reply brief or what specific constitutional right that district court order violated. We therefore also deny Rice's request for a COA to appeal the March 27, 2014 Order.

- 6 -

**III**

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal as to the district court's February 10, 2014 and March 27, 2014 orders. We **DISMISS** for lack of jurisdiction Rice's appeal of the district court's November 25, 2014 order.

Entered for the Court

Carlos F. Lucero
Circuit Judge