FILED
**United States Court of Appeals**
**Tenth Circuit**

**December 10, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

v.

MARK D. RICE,

    Defendant – Appellant.

No. 14-6077
(D.C. No. 5:02-CR-00003-F-1)
(W.D. Okla.)

**ORDER GRANTING PANEL REHEARING**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Mark Rice, a federal prisoner proceeding pro se, seeks rehearing by the panel of its

order dated October 10, 2014, denying a certificate of appealability.  We **GRANT**

rehearing by the panel for the purpose of clarifying a jurisdictional issue.  The panel's

October 10, 2014, order is **VACATED** and replaced with the order issued herewith.

Rice's petition for rehearing has been circulated to the full court and no active

judge has called for a poll or voted for rehearing en banc.  Consequently, his suggestion

---

    * This order is not binding precedent, except under the doctrines of law of the case
and collateral estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

for rehearing en banc is **DENIED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 10, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff – Appellee,

v.

MARK D. RICE,

      Defendant – Appellant.

No. 14-6077
(D.C. Nos. 5:02-CR-00003-F-1)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Mark Rice, a federal prisoner proceeding pro se, requests a certificate of appealability ("COA") to appeal several orders of the district court. We deny a COA and dismiss the appeal.[1]

---

[*] This order is not binding precedent, except under the doctrines of law of the case and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] On August 25, 2014, Rice filed a motion with this court titled "Motion Pursuant to Fed. R. Civ. P. Rule 15 with Formal Complaint of Professional Misconduct." We construe this motion as a request to amend and clarify Rice's brief, and so **GRANT** it.

**I**

The substantial procedural history preceding this request for a COA begins with Rice's motion to suppress evidence of child pornography found in his home, including pornography that Rice produced. After the district court denied that motion, Rice entered a conditional guilty plea preserving his right to appeal the denial of his motion to suppress. This court affirmed in United States v. Rice, 358 F.3d 1268 (10th Cir. 2004). The Supreme Court reversed and remanded for resentencing pursuant to United States v. Booker, 543 U.S. 220 (2005), but did not disturb the non-sentencing portions of our decision. Rice v. United States, 543 U.S. 1103 (2005); United States v. Rice, 405 F.3d 1108 (10th Cir. 2005).

On remand, Rice moved to withdraw his guilty plea, claiming that he was actually innocent, that his plea was not entered knowingly and voluntarily, and that his counsel was ineffective. Rice specifically claimed that his counsel failed to investigate emails and other computer data held by the government that might have undermined the credibility of a witness or vitiated probable cause for the original search of Rice's house. Following an evidentiary hearing, the district court denied Rice's motion to withdraw his guilty plea, a decision we upheld on appeal. United States v. Rice, 310 F. App'x 244 (10th Cir. 2009) (unpublished).

Rice then filed a motion to vacate under 28 U.S.C. § 2255, alleging ineffective assistance of counsel and government misconduct. His motion repeated the main

contention underlying his motion to withdraw his guilty plea: that the emails and computer data were withheld by the government, insufficiently investigated by his attorney, and would have supported a motion to suppress. The district court denied this motion and we denied Rice's request for a COA. United States v. Rice, 450 F. App'x 746 (10th Cir. 2011) (unpublished).

Rice then filed a motion in the district court, styled as a Rule 60 motion, challenging the denial of his § 2255 motion. The district court construed several claims raised in this motion as unauthorized second or successive habeas claims and dismissed them for lack of jurisdiction. However, Rice did present three claims that the district court treated as "true" Rule 60 claims. See In re Pickard, 681 F.3d 1201, 1204 (10th Cir. 2012) (discussing the distinction between a Rule 60 claim and a second or successive § 2255 motion). On November 25, 2013, the district court denied Rice's true Rule 60 claims on their merits.

Rice filed a motion requesting leave to file a Rule 52(b)/59(e) motion on December 30, 2013. Attached to that motion was the proffered Rule 52(b)/59(e) motion, which sought reconsideration of the district court's denial of Rice's Rule 60(b) motion. The Rule 52(b)/59(e) motion included a certification, under penalty of perjury, that it was delivered to prison officials on December 23, 2013. On January 6, 2014, the district court granted the motion for leave to file, and directed the clerk to file the Rule 52(b)/59(e) motion. The district court denied the Rule 52(b)/59(e) motion on February

-3-

10, 2014, whereupon Rice filed a second Rule 60(b) motion, challenging the denial of his request to file an untimely reply for his Rule 52(b)/59(e) motion. The district court denied Rice's second 60(b) motion on March 27, 2014.

On August 4, 2014, Rice filed the present request for a COA. He seeks to appeal the November 25, 2013 Order; the February 10, 2014 Order; and the March 27, 2014 Order.

## II

### A

Because the orders being appealed relate to Rice's § 2255 motion, they are civil in character. See United States v. Kelly, 269 F.2d 448, 451 (10th Cir. 1959). A notice of appeal in a civil case must be filed within 60 days if the United States is a party. Fed. R. App. P. 4(a)(1)(B). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

Rice filed his notice of appeal in April 2014, more than 60 days after the November 25, 2013 Order was entered. However, a timely Rule 59(e) motion tolls the time to appeal. Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 59(e) motion generally "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Our court has held that the timeliness of a Rule 59(e) motion "question[ing] the correctness of the dismissal of the Rule 60(b) motion" is measured from the date the district court denies the Rule 60(b) motion and, if timely as measured from that date, "toll[s] the period

-4-

to appeal the judgment denying the Rule 60(b) motion." Venable v. Haislip, 721 F.2d 297, 299 (10th Cir. 1983).

Rice had until December 23, 2013, to challenge the district court's November 25, 2013 Order. The district court received his Rule 52(b)/59(e) motion on December 30, 2013 as an attachment to a motion that sought permission to file the Rule 52(b)/59(e) motion. Motions for leave to file a motion for a new trial that attach a proposed motion for a new trial are themselves "to be regarded as a motion for new trial." Metro. Life Ins. Co. v. Banion, 106 F.2d 561, 568 (10th Cir. 1939). And because the Rule 52(b)/59(e) motion contained a proper certification that it was delivered to prison staff on December 23, 2013, we will treat it as timely filed. See Price v. Philpot, 420 F.3d 1158, 1166 (10th Cir. 2005) (describing prison mailbox rule). Accordingly, Rice's time to appeal the denial of his Rule 60(b) motion restarted when the district court denied, on February 10, 2014, the Rule 52(b)/59(e) motion that was originally delivered to prison staff on December 23, 2013. As measured from February 10, 2014, his appeal of the November 25, 2013 order was timely.[2]

---

[2] The envelope containing his notice of appeal is postmarked April 9, 2014, and that envelope is marked legal mail. Because the postmark is independent confirmation of the date of mailing, 58 days after entry of the relevant order, Rice satisfies the prison mailbox rule even though his notice of appeal was actually filed on April 14, 2014, 63 days after the entry of the February 10, 2014 Order. See id. at 1165.

Continued . . .

The district court denied several claims advanced in Rice's Rule 60(b) motion and dismissed the remainder for lack of jurisdiction, concluding that the latter were not "true" Rule 60(b) issues, but unauthorized second or successive claims. To challenge the denial of a true Rule 60(b) motion, Rice must obtain a COA. See Spitznas v. Boone, 464 F.3d 1213, 1217-18 (10th Cir. 2006).[3] We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). To make such a showing, Rice must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 475 (2000) (quotations omitted).

Relief under Rule 60(b) is committed to the sound discretion of the district court and is warranted only under exceptional circumstances. See Butler v. Kempthorne, 532 F.3d 1108, 1110 (10th Cir. 2008). Rice argues that the district court failed to address certain issues when it denied his initial habeas petition. See Fed. R. Civ. P. 60(b)(1) (permitting relief for "inadvertence" or "neglect"). As the district court explicitly noted in its order denying habeas relief, however, it discussed in detail only the "core" claims

---

[3] We do not construe Rice's application for a COA as requesting permission to file a second or successive habeas petition as to the claims dismissed by the district court. See id. at 1219 n.8.

-6-

Rice asserted given his voluminous filings, and held that relief was not warranted on any ground. Rice also asserts his claims are based on newly discovered evidence. See Fed. R. Civ. P. 60(b)(2). But he does not establish that the "new" evidence "with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Id. Finally, Rice claims fraud on the court. See Fed. R. Civ. P. 60(b)(3). However, as the district court correctly held, his allegations do not undermine the validity of the original § 2255 disposition but largely relate to previous proceedings.

## B

Rice's notice of appeal as to the February 10, 2014 Order was timely. In his opening brief, Rice asks this court if a COA is required to appeal from that order. We answer in the affirmative. In Spitznas, we held that it would be "illogical" if a COA were "required to appeal from a habeas judgment, but not from the district court's order denying Rule 60(b) relief from such a judgment." 464 F.3d at 1218. That conclusion applies with equal force to Rule 52(b) and 59(e) motions seeking relief from a habeas judgment. See Jackson v. Albany Appeal Bureau Unit, 442 F.3d 51, 54 (2d Cir. 2006) (requiring a COA to appeal from the denial of a Rule 59(e) motion relating to a habeas judgment).

Grounds warranting reconsideration, as requested in Rice's Rule 52(b)/59(e) motion, "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest

injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).  Rice identifies no intervening change in controlling law.  The only new evidence he proffers was considered in the 2007 evidentiary hearing on his motion to withdraw his guilty plea.  And although Rice claims clear error and manifest injustice, the district court has already addressed the arguments he advances.  To the extent that Rice advances genuinely new arguments, he does not show that the district court's resolution of them denied a constitutional right.  See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991) (affirming, on appeal, the denial of a Rule 59(e) motion that repeated issues the court had already addressed).  Rice has thus not made a substantial showing that the district court's refusal to amend resulted in a violation of a constitutional right, nor that reasonable jurists could debate that proposition.

## C

Rice's notice of appeal as to the March 27, 2014 Order was timely.  However, Rice fails to explain how the district court erred in refusing to permit him to file an untimely reply brief, or what specific constitutional right that district court order violated.  We therefore also deny Rice's request for a COA to appeal the March 27, 2014 Order.

**III**

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal.


Entered for the Court


Carlos F. Lucero
Circuit Judge