**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 12, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARK D. RICE,

    Defendant - Appellant.

No. 11-6141
(W.D. Okla.)
(D.C. Nos. 5:10-CV-00101-F and
5:02-CR-00003-1)

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

Mark Rice, a federal prisoner proceeding pro se,[1] complains about what he claims

was ineffective assistance of counsel and government misconduct. He wants to appeal

from the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside or

correct sentence. Because that decision is not even debatably incorrect, we deny his

request for a Certificate of Appealability (COA).

In November 2001, Freda Deskin, the head of the charter school where Rice

worked as a teacher, notified law enforcement that Rice had been accessing child

---

[1] We liberally construe Rice's pro se filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

pornography on his work computer. She claimed to have accidentally stumbled upon sexually explicit messages in Rice's e-mail account, messages she said were later opened by a technician and found to contain links to websites with images of nude children and literature about pedophilia. After discovering the e-mails, Deskin called Rice's former employer, who informed her that Rice had photographed two of his female students in their bathing suits without the knowledge or consent of the girls' parents. This, too, was relayed to the police. Deskin's full report, recounted in an affidavit by Detective Helm, formed the basis for a search warrant, and before long the Oklahoma City police searched Rice's apartment and recovered materials containing child pornography which gave rise to this four-count indictment. *See United States v. Rice*, 358 F.3d 1268, 1271-72 (10th Cir. 2004) (*Rice I*).

With the assistance of attorney John W. Coyle, III, Rice moved to suppress the statements in evidence. After the district court denied the motion, Rice entered a conditional plea in which he pled guilty to all four counts while reserving the right to appeal the court's denial of his motion to suppress. The district court sentenced him to 262 months imprisonment. We upheld the legality of the search in *Rice I*, but the Supreme Court remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005), *Rice v. United States*, 543 U.S. 1103 (2005).

In May 2006, now represented by a federal public defender, Rice moved to withdraw his guilty plea.[2] Rice claimed Coyle's representation during his plea hearing

---

[2] The district court did not consider whether a sentencing remand would permit it

was legally ineffective. He also claimed the government withheld exculpatory evidence about the validity of the search warrant that would have persuaded him to go to trial. Following an evidentiary hearing, the district court denied the motion. The court's findings were extensive, but of particular importance were these: 1) his counsel thoroughly explained the plea agreement to him before he pled guilty; 2) he entered the plea agreement knowingly and voluntarily; 3) his counsel correctly concluded he could not have raised a meritorious challenge to the search warrant under *Franks v. Delaware*, 438 U.S. 171 (1978); 4) he was not deprived of effective assistance by Coyle's encouragement to plead guilty; and 5) he would have been convicted had he proceeded to trial.

Through a third appointed attorney, Rice filed a second appeal challenging the district court's decision to deny his request to withdraw his guilty plea. We affirmed, *United States v. Rice*, 310 F. App'x 244 (10th Cir. 2009) (*Rice II*). This § 2255 motion followed.

Rice raised four grounds for relief in his § 2255 motion. They include three ineffective assistance of counsel claims and a government misconduct claim. The first two ineffective assistance claims concern the representation he received leading up to and during his original plea hearing. The last such claim goes to alleged mistakes made by counsel in his second trial, specifically the manner in which the motion to withdraw was handled.

such a plenary review. Neither do we.

- 3 -

The motion was denied in all respects. Rice's claims, the court explained, were either previously determined and thus not reviewable or simply inadequate to support a claim for relief.

Claims one and two, which arose from Coyle's representation during the plea phase, fell into the former category, having been resolved by the district court in 2007, when Rice moved to withdraw his guilty plea. At that time the court agreed with Coyle– in light of the overwhelming evidence of guilt, Rice's best shot was a Fourth Amendment challenge, and failing that, a guilty plea. It also rejected Rice's contention that a more competent attorney would have been successful in the suppression motion based on *Franks v. Delaware*, 438 U.S. 154 (1978). We upheld those findings and conclusions in *Rice II.*[3] Setting aside law of the case, the district court saw no evidence, even in retrospect, to support the challenge.

As to Rice's allegation that his first counsel ignored his instruction to file a motion to withdraw the guilty plea, the court concluded he could not show prejudice under *Strickland*. Even assuming counsel erred by not moving to withdraw, the motion would inevitably have been denied, just as it was in 2007.

Rice's remaining ineffective assistance claim fared no better. The district court concluded Rice received adequate representation during the proceedings on his motion to

---

[3] Generally we do not review ineffective assistance claims on direct appeal. But in *Rice II* we made an exception because the record was fully developed. *See United States v. Hamilton*, 510 F.3d 1209, 1213 (10th Cir. 2007) (ineffective assistance claim may be reviewable on direct appeal where the district court has fully developed a record in a hearing on a motion to withdraw guilty plea).

- 4 -

withdraw his plea, and dismissed as unsubstantiated Rice's contention that his attorney was unversed in the facts of the case and ineffective for failing to request certain documents under the Freedom of Information Act. Rice's claim is bound up with his theory that the government withheld evidence that the material supplied in support of the application for the search warrant was false. He insists further discovery would have uncovered the "truth" about the explicit emails that formed the basis for the original probable cause determination. But, again, the district court had already rejected that theory in ruling on his motion to withdraw his plea. The only way he could disturb the prior ruling was by showing he would have prevailed but for the inadequacy of his counsel's representation. In that regard, the court concluded Rice's claims regarding his lawyer's alleged lack of preparation lacked the specificity required to support a showing of ineffectiveness.

Similarly, the district court was satisfied Rice received effective assistance of counsel on appeal from the denial of his motion to withdraw his guilty plea. Rice contends his attorney failed to raise several meritorious issues, including claims related to the government's withholding of documents and his mental health at the time he entered his guilty plea. But, as the court explained, the attorney's duty was to exercise sound judgment in selecting the most promising arguments, not to raise every conceivable ground for appeal. Focusing the appeal on the motion to withdraw his plea was reasonable, not only because most other issues had been previously determined, but also because raising a bevy of marginal issues on appeal is poor strategy.

Rice's last claim, which encompassed a litany of misconduct allegations directed

at the government and his former employer, met a similar fate. As the district court saw it, Rice was trying to rehash his challenge to the validity of the search warrant by claiming the allegedly withheld documents demonstrated the search warrant affidavit was fabricated, a theory he presented to the district court with his motion to withdraw his plea. The court was not persuaded then, and it had no obligation to reconsider its conclusion on collateral review. *See United States v. Kahn*, 835 F.2d 749, 753 (10th Cir. 1987). To the extent Rice was raising new allegations based on the government's denial of his new requests for documents, the court concluded he failed to explain "how any problems with discovery, such as any documents not previously provided or provided belatedly, would support relief under § 2255." (R. Vol. 1 at 61).

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether an applicant has satisfied this burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338.

In a cogent order, the district court thoroughly and correctly addressed and resolved the issues. No jurist of reason could reasonably debate the propriety of that

decision.

We **DENY** Rice's request for a COA and **DISMISS** this matter.  We also **DENY**

his motion "to document non-response by the government."

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge
