**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARK D. RICE,

    Defendant - Appellant.

No. 19-6149
(D.C. No. 5:02-CR-00003-F-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **KELLY**, and **McHUGH**, Circuit Judges.
_____

Mark D. Rice, a federal prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal from the district court's disposition of four motions:

a motion seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure, a

motion seeking to disqualify the district court judge under 28 U.S.C. § 455, and two

motions under Rule 59(e) of the Federal Rules of Civil Procedure seeking

reconsideration of the district court's rulings on the Rule 60(b) motion and the

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

motion to disqualify.  On those issues requiring a COA, we deny a COA.  On those issues that do not require a COA, we construe Mr. Rice's motion for COA as an opening brief and we affirm.[1]

I. Background

Back in 2002, Mr. Rice entered a conditional guilty plea to four child-pornography charges after the district court denied his motion to suppress evidence obtained from a search of his home.  Since the filing of his motion to suppress eighteen years ago, Mr. Rice has maintained that the search of his home was constitutionally invalid, although we upheld the district court's denial of that motion on appeal.  In our last disposition involving Mr. Rice, we summarized the lengthy history of his proceedings in district court, in this court, and in the Supreme Court. *See United States v. Rice*, 594 F. App'x 481, 482-83 (10th Cir. 2014).  We will not go into that procedural history in detail here, except as necessary for the disposition of the issues before us now.

In 2019, Mr. Rice filed the Rule 60(b) motion and motion to disqualify that are at issue in this matter.  The district court determined that the Rule 60(b) motion was

---

[1] We liberally construe Mr. Rice's pro se filings, but we do not act as his attorney.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Mr. Rice asserts in his COA motion that "a COA is not needed to appeal the denial of [his motion to disqualify]."  Mot. for COA at 2.  He also explains that he attempted to file separate notices of appeal from the dismissal of his Rule 60(b) motion and the denial of his motion to disqualify, but everything was docketed in one appeal.  It appears there was some confusion that ultimately led to Mr. Rice filing only a request for COA instead of a combined request for COA and opening brief.  *See id*.

2

an unauthorized second or successive 28 U.S.C. § 2255 motion and dismissed it for lack of jurisdiction. The district court denied the motion to disqualify.[2] With respect to the Rule 59(e) motions, the district court concluded that a portion of both motions were second or successive § 2255 motions and should be dismissed. The court determined that the remaining portions of the Rule 59(e) motions should be denied as untimely. Mr. Rice now seeks to appeal from the district court's rulings on these motions.

II. Discussion

Mr. Rice must obtain a COA to appeal from those orders or portions of orders where the district court treated the motions or portions of them as unauthorized § 2255 motions and dismissed them for lack of jurisdiction. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) (holding that "the district court's dismissal of an unauthorized § 2255 motion is a 'final order in a proceeding under section 2255' such that [28 U.S.C.] § 2253 requires petitioner to obtain a COA before he or she may appeal"). He must also obtain a COA to appeal from the district court's order denying as untimely the portion of his Rule 59(e) motion that sought reconsideration of the court's dismissal of his Rule 60(b) motion as an unauthorized second or successive § 2255 motion. *See Spitznas v. Boone*, 464 F.3d 1213, 1217-18

---

[2] The court also stated that "[t]o the extent that the motion challenges the underlying conviction based on the purported bias of this court, the motion constitutes an unauthorized second or successive challenge under 28 U.S.C. § 2255, and is DISMISSED, without prejudice, for lack of jurisdiction." R., Vol. II at 109 n.1.

3

(10th Cir. 2006) (holding that a COA is required to appeal from the denial of a Rule 60(b) motion in a habeas proceeding); *Jackson v. Albany Appeal Bureau Unit*, 442 F.3d 51, 54 (2d Cir. 2006) (applying reasoning from Rule 60(b) context and requiring a COA to appeal from the denial of a Rule 59(e) motion in a habeas proceeding).

Mr. Rice does not need a COA to appeal from the portion of the district court's order denying his motion to disqualify on the merits or the portion of the district court's order that concluded the Rule 59(e) motion seeking reconsideration of that denial was untimely. *See Harbison v. Bell*, 556 U.S. 180, 183 (2009) (explaining that a COA is required under § 2253 only for "final orders that dispose of the merits of a habeas corpus proceeding").

A. *COA issues*

To obtain a COA from the district court's procedural rulings, Mr. Rice must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not address the constitutional question if we conclude that reasonable jurists would not debate the district court's resolution of the procedural one. *Id.* at 485.

A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *id.* § 2255(h). Absent such authorization, a

4

district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

A Rule 60(b) motion should be treated as a second or successive § 2255 motion "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). A Rule 60(b) motion may not be treated as a successive § 2255 motion if it "(1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding," as long as "such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior [§ 2255 motion]." *Id*. at 1215-16 (citation omitted).

In its order, the district court explained that "[t]he Rule 60(b) motion is a second or successive request for relief under § 2255 because it asserts a federal basis for relief from Mr. Rice's underlying conviction . . . by arguing that this court should have suppressed the fruits of the search warrant when, in 2002, the court denied Mr. Rice's motion to suppress." R., Vol. II at 111. The court further explained:

> To the extent that Mr. Rice's arguments might be construed as challenging post-conviction rulings (such as rulings on Mr. Rice's original § 2255 motion, or rulings on earlier Rule 60, Rule 52 or Rule 59 motions) his challenges are not to procedural rulings which precluded a merits determination of those motions. Instead, his challenges lead inextricably back to a merits-based attack on the underlying conviction or to this court's disposition of his post-conviction motions.

*Id*. at 112.

5

Other than making the conclusory assertion that he "never filed a second consecutive § 2255," Mot. for COA at 9, Mr. Rice offers no argument as to how the district court erred in its procedural ruling dismissing his Rule 60(b) motion for lack of jurisdiction as an unauthorized second or successive § 2255 motion. Instead, he continues to challenge the validity of the search warrant that led to his convictions for child-pornography crimes. Because he has failed to demonstrate that reasonable jurists could debate the district court's procedural ruling on his Rule 60(b) motion, we deny a COA.

Mr. Rice does not address the district court's ruling that determined a portion of his motion to disqualify was a second or successive § 2255 motion because it challenged his underlying conviction based on the district court's purported bias. Likewise, Mr. Rice does not address the district court's rulings that determined portions of both of his Rule 59(e) motions were unauthorized second or successive § 2255 motions because they asserted or reasserted a federal basis for relief from his underlying conviction. Because Mr. Rice makes no substantive arguments concerning these rulings, any challenges to these portions of the district court's orders are waived. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

Finally, we turn to the district court's ruling denying as untimely the portion of Mr. Rice's Rule 59(e) motion that challenged the characterization of Mr. Rice's Rule 60(b) motion as an unauthorized second or successive § 2255 motion.

6

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The district court explained that the relevant "judgment (or, in this case, the order) . . . was entered on April 30, 2019," and "the twenty-eight-day deadline expired on May 28, 2019." R., Vol. II at 155 (footnote omitted). The district court stated that Mr. Rice did not file his motion until June 10 and therefore it was untimely.

In his COA motion, Mr. Rice argues his motion was timely filed on June 7, 2019. Under either filing date, however, Mr. Rice did not timely file his Rule 59(e) motion within 28 days of the district court's order dismissing his Rule 60(b) motion. Mr. Rice has failed to show that reasonable jurists could debate the district court's ruling denying as untimely this portion of his Rule 59(e) motion.

B. *Appeal issues*

Contemporaneously with filing his Rule 60(b) motion, Mr. Rice filed his motion to disqualify the district court under 28 U.S.C. § 455 because of alleged bias against him. Under § 455(b)(1), a judge must recuse himself "[w]here he has a personal bias or prejudice concerning a party." The district court denied the motion to disqualify. We review that denial for abuse of discretion. *See United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006).

In denying the motion to disqualify, the district court explained that Mr. Rice's "disagreement" with prior rulings "by [the district court] and the Court of Appeals form the essential basis for Mr. Rice's conclusions . . . that the court is biased and should recuse." R., Vol. II at 110. But the court observed that "prior rulings in a

7

proceeding do not ordinarily constitute grounds for disqualification solely because the rulings were adverse." *Id*. (citing *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (per curiam)). The court then concluded that Mr. Rice's contentions "[did] not provide a factual basis upon which the impartiality of the undersigned might reasonably be questioned." *Id*. at 110-11.

Mr. Rice has failed to show how the district court abused its discretion in denying the motion to disqualify. Instead, he continues to complain about adverse rulings on his motion to suppress, *see* Mot. for COA at 13, his sentencing, *id*. at 14, his motion to withdraw his guilty plea, *id*. at 14-16, his first § 2255 motion, *id*. at 16-17, and the underlying Rule 60(b) and motion to disqualify at issue here, *id*. 17-18. We see no abuse of discretion in the district court's denial of the motion to disqualify.

Mr. Rice also challenges the district court's denial of his Rule 59(e) motion that sought reconsideration of the denial of his motion to disqualify. The district court denied that portion of his Rule 59(e) motion as untimely. "We review rulings on Rule 59(e) motions for an abuse of discretion." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019).

As noted above, a Rule 59(e) motion must be filed within 28 days of the judgment it is challenging. The district court's ruling denying the motion to disqualify was contained in the district court's decision entered on April 30, 2019. The district court explained that Mr. Rice's Rule 59(e) motion challenging that portion of its decision was not filed until August 1, 2019, which is more than 28 days

8

after the order was entered on April 30. Although Mr. Rice asserts in his brief that there was a problem with docketing his Rule 59(e) motion and that the correct filing date should be June 7, 2019, he does not explain how this would make his filing timely when it was still filed more than 28 days after the April 30 decision. We see no abuse of discretion in the district court's determination that this portion of Mr. Rice's Rule 59(e) motion should be denied as untimely.

III. Conclusion

For the foregoing reasons, we deny a COA on the issues where a COA is required and we affirm the district court's decisions on those issues that do not require a COA. We also deny Mr. Rice's "Motion for a Ruling on the Email Evidence/Petition to Supplement the Record."

Entered for the Court
Per Curiam
